# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERINO HERNANDEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ARNOLD SCHWARENEGGER,<br><br>　　　　　Respondent.<br>　　　　　　　　　　　　　　　　　／ | CV F   06-01623 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 12] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## FACTUAL AND PROCEDURAL HISTORY[1]

　　　　On April 19, 2004, prison officials searched Petitioner's cell and bunk finding a sharpened piece of metal.  (Exhibit 1, at p.1, attached to Answer.)  Petitioner was charged with possession of an inmate-manufactured stabbing device, and a prison disciplinary hearing was held on May 13, 2004.  (Id.)  Petitioner was found guilty and assessed a 360-day time-credit forfeiture.  (Id. at 3.)

　　　　Petitioner previously filed a federal petition for writ of habeas corpus challenging the disciplinary decision with this Court, case no. 1:06-cv-01337 OWW SMS (HC), on September 26, 2006.  (Exhibit 2, attached to Answer.)  Petitioner challenged the sufficiency of the evidence

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss.

1

of the finding of guilt, as well as several disciplinary procedures. (Id.) The petition was transferred to the United States District Court for the Southern District of California on October 19, 2006, case no. 06-cv-2757 DMS BLM. (Court Doc. 8, in case no. 1:06-cv-01337 OWW SMS (HC).) It was received in that Court on January 25, 2007. (Id.)

On October 27, 2006, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Southern District of California, case no. 06-2392 L (RBB). The petition was transferred to this Court on November 3, 2006, and received on November 8, 2006. (Court Doc. 1.)

Respondent filed the instant motion to dismiss on July 19, 2007, arguing that the instant petition is successive and must be dismissed. Petitioner has not filed an opposition.

## DISCUSSION

A.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing § 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(b)(3)(A). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and

Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.     Successive Petition

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v.

3

Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

As previously stated, in his motion, Respondent argues that the instant case is a successive petition and should be dismissed pursuant to 28 U.S.C. § 2244(b)(1). Specifically, Respondent contends that the instant petition raises the same claims as raised in the other petition previously filed in this Court in case no. 1:06-cv-01337 OWW SMS (HC). The Court agrees with Respondent that the instant petition is duplicative of the prior petition filed in this Court in case no 1:06-cv-01337 OWW SMS (HC); however, the Court does not agree that the instant petition is a successive petition. In order for a petition to be successive the prior petition must have been decided on the merits. Because the prior petition filed in this Court, and transferred to the Southern District of California, is still pending, the instant petition is not successive.[2] Nonetheless, because the instant petition is duplicative of the previously filed petition, the Court will recommend that the petition be dismissed on this ground.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss based on the ground that the instant petition is a second or successive petition be DENIED; however, the instant petition for writ of habeas corpus be dismissed as duplicative of case no. 1:06-01337 OWW SMS (HC); and
2. The Court of Clerk be directed to terminate this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Enastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[2] In case no. 3:06-cv-02757-DMS-BLM, a Report and Recommendation was issued on July 5, 2007, to deny the petition, and Petitioner filed objections on July 26, 2007. Thus, although the petition may ultimately been denied as recommended by the assigned Magistrate Judge, there is no final order in that case.

"Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 17, 2007**               /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE